UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILIPPE BUHANNIC, and
TRADINGSCREEN SHAREHOLDERS
ASSOCIATION (TSA),

          Plaintiffs,

     -against-

TRADINGSCREEN INC., PIERRE
SCHROEDER, PIERO GRANDI, FRANK
PLACENTI, ROBERT TRUDEAU, TCV VI,
L.P., and TCV MEMBER FUND, L.P.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

19cv1279

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        On February 11, 2019, Plaintiff pro se Philippe Buhannic filed a notice of removal purporting to remove to federal court an action pending in the Supreme Court of the State of New York, New York County. (ECF No. 1.) Buhannic filed that case, captioned Buhannic v. TradingScreen, Inc., in 2016. Although Buhannic does not assert precisely when he filed the action in state court, a letter filed on February 12, 2019 by Defendants TradingScreen, Inc., Pierre Schroeder, and Piero Grandi represents that Buhannic commenced the state court action on July 11, 2016. (ECF No. 3.) For the reasons that follow, this Court remands this action to the state court.

## DISCUSSION

        The right of removal is "entirely a creature of statute," and the statutory procedures for removal are to be strictly construed." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002). Section 1441(a) authorizes "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction" to be removed "by the defendant or the defendants." 28 U.S.C. § 1441(a). And as a procedural matter, 28 U.S.C. § 1446 requires "[a] defendant or defendants desiring to remove any civil action from a State court" to file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders" served upon the defendant or defendants in the state court action. 28 U.S.C. § 1446(a). The notice of removal must also be filed within 30 days after the service or receipt of the initial pleading or any amended pleading or other paper from which the action's removability may first be ascertained. 28 U.S.C. § 1446(b)(1), (b)(3).

Here, Buhannic's notice of removal is procedurally improper. While the timeliness of the notice of removal under 28 U.S.C. § 1446(b) cannot presently be determined with certainty because the notice of removal does not attach a copy of "all process, pleadings, and orders" served on the state court defendants, the fact that the state court action has been pending for over two years suggests that it is untimely. And in any event, the removal statutes—which this Court must strictly construe—only authorize removal by defendants. Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir. 1993) (explaining that "[n]o section provides for removal by a plaintiff," and that "[a]n action removed other than in accordance with the statutory provisions may be remanded to state court"); Geiger v. Arctco Enters., Inc., 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("It is clear . . . that the right of removal is vested exclusively in defendants."). A plaintiff "simply may not remove an action from a state court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)," as Buhannic seeks to do here. Geiger, 910 F. Supp. at 131. Accordingly, this Court remands it to the state court sua sponte. See Soms v. Aranda, 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001) (recognizing court's authority to remand sua sponte

2

based on procedurally defective removal); Am. Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp. 2d 296, 299 (S.D.N.Y. 1999) (same); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (same).

## CONCLUSION

Because removal of this action is improper, this Court remands it under 28 U.S.C. § 1447(c) to the Supreme Court of the State of New York, New York County. All pending motions are denied as moot. The Clerk of Court is directed to terminate all pending motions and mark this case as closed. The Clerk of Court is further directed to mail a copy of this Order to Buhannic and note service on the docket.

Dated: February 19, 2019
     New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.